UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FLCM ACQ VIII, LLC,**

    **Plaintiff,**

v.                                                                                         Case No: 5:13-cv-529-Oc-PRL

**TAOS VENTURES, LLC, RAVINDRA
KOLAVENTY and DON BOVELL**

    **Defendants.**

## ORDER TO SHOW CAUSE

This matter is before the Court on Plaintiff FLCM ACQ VIII LLC's motion for entry of default judgment as to Defendant Taos Ventures, LLC. (Doc. 47). Taos has not filed a response to the motion, and its time for doing so has passed. For the reasons stated below, the Court finds that FLCM is entitled to default judgment, but has failed to provide an adequate basis for the damages, fees, and costs requested.

    **I.**    **BACKGROUND**

PNC Equipment Finance, LLC ("PNC") sued Taos Ventures, LLC ("Taos"), Ravindra Kolaventy, and Don Bovell, alleging that they defaulted under two equipment leases and now owe FLCM all rent payments and other sums due.[1] (Doc. 1, p. 4-6). In February 2014, PNC assigned

---

[1] Dr. Bovell is currently in bankruptcy (Doc. 34), and Plaintiff dismissed its claims against Dr. Kolaventy on April 30, 2014 (Doc. 40). Therefore, Plaintiff seeks default judgment solely against Taos under Counts I and II. Plaintiff seeks no relief as to Drs. Bovell and Kolaventy. (Doc. 47, p. 1).

all of its interest in the lease and lease documents at issue to FLCM ACQ VIII LLC ("FLCM"), and, accordingly, the Court substituted FLCM as the plaintiff.[2]  (Doc. 33; Doc. 48, pp. 35-39).

On October 25, 2014, FLCM filed its Complaint (Doc. 1), and summonses were issued as to all Defendants (Doc. 2).  The Returns of Service (Docs. 19, 20, & 24), show that Dr. Kolaventy and Dr. Bovell were served on December 19, 2013, and Taos was served on January 9, 2014. After Taos failed to file a responsive pleading, FLCM filed a motion for entry of clerk's default against Taos (Doc. 45), which was entered on September 15, 2014.  (Doc. 46).  To date, Taos has not sought to vacate the default or otherwise appear and defend this action.  On November 20, 2014, FLCM filed the instant motion for default judgment (Doc. 47) and the supporting affidavit of Santosh Govindaraju, the chief executive officer and managing member of Convergent Management LLC[3] (Doc. 48).  As noted above, because Taos has failed to timely respond, the motion for default judgment is ripe for the Court's consideration.

## II.   DISCUSSION

### A. Entry of Default Judgment is Appropriate

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor."  *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).  Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit after being served, entry of default judgment is appropriate.  Indeed, Rule 55 provides for the entry of default and default judgment where a defendant "has failed to plead

---

[2] The Court had diversity jurisdiction at the time the action was filed.  Diversity of citizenship is assessed at the time an action is commenced, and such jurisdiction may not be divested by subsequent events. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  Therefore, the fact that substituted plaintiff FLCM is a Florida citizen does not divest the Court of its subject matter jurisdiction.
[3] Convergent Management LLC is the managing member of FLCM.  (Doc. 47, p. 3).

or otherwise defend." Fed. R. Civ. P. 55(a).  In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process.  In short, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F.Supp.2d 193, 195 (D.D.C. 2006) (citation omitted).  That is precisely what Taos has done here.  Despite being served with process in January 2014, Taos has declined to appear or defend, and has effectively prevented this litigation from proceeding.

The law is clear, however, that Taos's failure to appear and the Clerk's Entry of Default (Doc. 46) do not automatically entitle FLCM to a default judgment in the requested (or any) amount.  Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F.Supp.2d 1353, 1357 (S.D. Ga. 2004); *Descent v. Kolitsidas*, 396 F.Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief").  Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997).

After considering the well-pled allegations and the record evidence in this case, the Court finds that FLCM's averments offer a sufficient basis for the entry of a default judgment.  The Court has reviewed the Complaint and is satisfied that it sets forth a viable breach of contract claim

against Taos under Alabama law.[4]  *See PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1292 (S.D. Ala. 2010).   In particular, the Complaint includes specific allegations that Taos entered into two lease agreements (the "Leases") for certain equipment, that PNC (and, now, FLCM as successor in interest to PNC) is entitled to enforce the leases, and that Taos defaulted on its lease obligations by failing to make lease payments in accordance with the lease agreements.   (Doc. 1, pp. 3-6).   Moreover, the Complaint alleges that Drs. Kolaventy and Bovell jointly and severally executed an absolute, unconditional guaranty of Taos's obligations under the lease agreements, then failed and refused to comply with the terms of that guaranty by not making lease payments when Taos defaulted by failing to timely remit rental payments.   These factual allegations appear adequate to state viable causes of action for breach of contract.   Because all of these well-pled factual allegations in the Complaint are deemed admitted by virtue of Taos's default, and because they are sufficient to state claims for breach of contract, the Court finds that Taos is liable to FLCM.

### B.  FLCM's Claim for Damages

Notwithstanding the propriety of default judgment against Taos, it remains incumbent on FLCM to prove its damages.   "While well-pleaded facts in the complaint are deemed admitted,

---

[4] The Court notes that Plaintiff's motion for default judgment avers that "[t]o state a cause of action for breach of a lease agreement, like any contract, Florida law requires a plaintiff to allege execution of the contract, breach, and damages."   (Doc. 47, p. 2, ¶ 6).   Thus, Plaintiff appears to apply Florida law to its claims.   The Court, however, reviewed the lease agreement and notes that the contract provides that the "Lease . . . shall be governed in all respects by, and construed and enforced in accordance with, the laws of the State of Alabama, excluding conflicts-of-law principles."   (Doc. 48, p. 15).   The elements for breach of contract, however, are the same under Florida and Alabama law, and therefore, the analysis is the same.   *See Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006) ("The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach."); *see also Baldwin v. Panetta*, 4 So. 3d 555, 561 (Ala. Civ. App. 2008) ("To prevail on a breach-of-contract claim, a plaintiff is required to prove "(1) the existence of a valid contract binding the parties in the action, (2) [the plaintiff's] own performance under that contract, (3) the defendant's nonperformance, and (4) damages.").

plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F.Supp.2d 588, 593 n. 5 (S.D. Ala. 2007). Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award). "Rather than merely telling the Court in summary fashion what its damages are, a plaintiff seeking default judgment must show the Court what those damages are, how they are calculated, and where they come from." *PNCEF*, 740 F.Supp.2d at 1294.

To prove its damages, FLCM has submitted the Affidavit of Santosh Govindaraju. (Doc. 48). In the affidavit, FLCM claims it is entitled to a total of $327,805.10 under Lease No. 1, and $229,225.24 under Lease No. 2. (Doc. 28, p. 5). While FLCM has attached the Master Lease Agreement and supporting Schedules as exhibits, it has not laid out precisely how it calculated the total amounts requested. Accordingly, the Court directs FLCM to identify each basis and a calculation for each sum total of its damages on or before December 18, 2014.

### C. FLCM's Claim for Attorney's Fees and Costs

Finally, FLCM requests its attorney's fees and costs against Taos.[5] While FLCM does not identify the legal basis for its request for attorney's fees, the Leases provide for Taos to "pay all attorneys' or other fees and associated costs and expenses . . . utilized by Lessor . . . incurred in

---

[5] Although Plaintiff's prayer for relief in the motion for default judgment fails to explicitly request attorney's fees and costs, Counts I and II of the Complaint do so, and thus, the Court considers attorney's fees and costs. (Doc. 1, p. 5, ¶ 23; p. 6, ¶ 30).

- 6 -

connection with . . . the curing of any Event of Default." (Doc. 48, p. 11). FLCM, however, has failed to include any specific attorney's fees or cost requests, hours records, receipts, or supporting affidavits, in connection with its motion for default judgment. Thus, while the Court finds that FLCM is entitled to its attorney's fees and costs under the Leases, the Court is unable to analyze the reasonableness of FLCM's hours or rates, as it is required to do under federal law. Accordingly, the Court directs FLCM to provide the basis for its attorney's fees and costs on or before December 18, 2014.

### III. CONCLUSION

In light of the foregoing, FLCM is ordered, on or before **December 18, 2014**, to file a supplemental evidentiary submission consisting of detailed documentation (in the form of affidavits and/or declarations, plus supporting exhibits) to establish its claimed money damages, attorney's fees, and costs against Taos. Upon filing of those materials, the Court will take the Motion for Default Judgment (Doc. 47) under consideration.

**DONE** and **ORDERED** in Ocala, Florida on December 11, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties