UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FLCM ACQ VIII, LLC,**

    Plaintiff,

v.     Case No: 5:13-cv-529-Oc-PRL

**TAOS VENTURES, LLC, RAVINDRA KOLAVENTY and DON BOVELL**

    Defendant.

## ORDER TO SHOW CAUSE

Pending before the Court is Plaintiff FLCM ACQ VIII LLC's motion for entry of default judgment as to Defendant Taos Ventures, LLC. (Doc. 47). This Court previously found that FLCM was entitled to default judgment and ordered FLCM to provide additional documentation to establish its claimed money damages, attorney's fees, and costs. (Doc. 49). For the reasons discussed below, FLCM has again failed to provide an adequate basis for damages, fees, and costs.

**I.    Background**

FLCM ACQ VIII LLC ("FLCM")[1] seeks to hold Taos Ventures, LLC ("Taos") liable for a breach of contract due to Taos' default under two equipment leases and now requests all rent payments and other sums due under the contract.[2] (Doc. 1, pp. 4–6). FLCM filed a motion for default judgment (Doc. 47) and the supporting affidavit of Santosh Govindaraju, the chief

---

[1] PNC Equipment Finance, LLC filed the original lawsuit against Defendants, but it subsequently assigned all of its interest in the lease and lease documents to FLCM. (Doc. 33; Doc. 48, pp. 35–39). Accordingly, the Court substituted FLCM as the plaintiff. *Id.*

[2] Plaintiff dismissed its claims against Defendant Ravindra Kolaventy. (Doc. 40). Plaintiff is unable to proceed with its claims against Defendant Don Bovell as he is currently in a pending bankruptcy proceeding in the United States Bankruptcy Court for the Middle District of Florida where there is a stay in effect. (Doc. 54). *See In re: Don Bovell and Ann Burnett*, Case No. 6:14-bk-02983-KSJ. Therefore, the only Defendant remaining is Taos.

executive officer and managing member of Convergent Management LLC ("First Affidavit.").[3] At that time, FLCM claimed that it was owed $327,805.10 under Lease No. 1 and $229,225.24 under Lease No. 2, for a total of $557,030.24 in damages.[4]  (Doc. 1, p. 5; Doc. 28, p. 5).  FLCM further alleged that Taos defaulted under Lease No. 1 on or about March 27, 2013, (Doc. 1, p. 4, ¶ 19), which corresponded to a Stipulated Loss Value of $383,557.55, and a total unpaid rent of $419,824.08.  (Doc. 1, p. 5, ¶ 21).  FLCM did not specify how much it was owed in attorney's fees.

This Court found that FLCM was entitled to an entry of default judgment, but found FLCM's evidentiary support for the requested damages and fees inadequate.  (Doc. 49).  Thus, this Court ordered FLCM to provide a supplemental evidentiary submission.  *Id.*  In response, FLCM submitted an amended and supplemental affidavit of Santosh Govindaraju and attached Exhibits 1 and 2, which contain numerous pages of itemized transactions between Taos and PNC ("Second Affidavit").  (Doc. 52, Exs. 1–2).  FLCM claims, therein, that Taos owes $1,036,598.67 under Lease No. 1 and $233,035.70 under Lease No. 2 for a total of $1,269,634.37 in damages.  *Id.*  FLCM further alleged that "[t]he last payment received with respect to Lease [No.] 01 was . . . on or about March 31, 2011" (Doc. 52, p. 5, ¶ 15), which corresponded to a new Stipulated Loss Value of $736,398.99, and a new total unpaid rent value of $597,441.96.  (Doc. 52, p. 7, ¶ 27).  FLCM also submitted an affidavit and exhibit with itemized expenses to support its claim for $2,830.00 in attorney's fees.  (Doc. 53).

---

[3] Convergent Management LLC is the managing member of FLCM. (Doc. 52, p. 3).
[4] The amount of damages alleged in the First Affidavit was substantively the same as the damages alleged in the Complaint.  The only difference was that, between the filing of the Complaint and the First Affidavit, Taos made two payments of $350,000.00 and $313,749.00 to satisfy some of the debt on Lease No. 1.  (Doc. p. 7, ¶ 27).  These payments by Taos changed the final total between the Complaint and the First Affidavit, but the original components of the amounts owed did not change.  (Docs. 1 & 48).  Those unchanged components were:  (1) total invoiced unpaid rent, (2) stipulated loss value, (3) late fees, and (4) personal property taxes.  *Id.*

**II.     Discussion**

As the Background discussion makes clear, FLCM has alleged various amounts of damages throughout the litigation.   It has done so in such a way that this Court cannot reasonably determine which amounts it is entitled under the law or based on its inadequate supporting exhibits.   I discuss a few of the major discrepancies below, but it is not an exhaustive list of the unexplained amendments in FLCM's evolving damage calculations.

As noted in the prior order to show cause, "[w]hile well-pleaded facts in the Complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey,* 510 F. Supp. 2d 588, 593 n. 5 (S.D. Ala. 2007).   "Rather than merely telling the Court in summary fashion what its damages are, a plaintiff seeking default judgment must show the Court what those damages are, how they are calculated, and where they are from."   *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1292 (S.D. Ala. 2010).

In its Second Affidavit, FLCM claims that it is owed $1,036,598.67 on Lease No. 1, a three-fold increase in its claimed damages from its Complaint and First Affidavit (filed as recently as November 20, 2014).[5]   (Docs. 1 & 47).   In the previous order to show cause (Doc. 49), the Court gave FLCM leave to substantiate the damages it had claimed in its Complaint, but did not grant leave for FLCM to completely recalculate its damages in light of the Court's determination that it is entitled to a default judgment.   (Doc. 49).   FLCM has failed to provide any legal support indicating that it is entitled to amend the damages that it requested in its Complaint and First Affidavit.

---

[5] In the first affidavit, FLCM requested $327,805.10 on Lease No. 1.   (Doc. 28, p. 5).

Further, FLCM now calculates its damages for Lease No. 1 based on a different default date than alleged in the Complaint. The Complaint alleges that Taos defaulted under the Lease No. 1 on March 27, 2013 (Doc. 1, p. 4, ¶ 19), but the Second Affidavit calculates its damages for the Stipulated Loss Value based on a default date of March 27, 2011. (Doc. 15). FLCM's change in default date increased the Stipulated Loss Value from $383,557.55 to $736,398.99. FLCM has not affirmatively alerted the Court to this change, nor has it provided any legal support or justification that the Court should accept the earlier default date over the latter, particularly when the change nearly doubles the Stipulated Loss Value. Further, even if FLCM's calculations in the Second Affidavit are correct as to this new date of default, it has not provided any legal support for the proposition that it can change the facts it has alleged in the Complaint.[6] *See Virgin Records America, Inc.*, 510 F. Supp. 2d at 593 n.5 (stating that under a default judgment, the facts in the Complaint are deemed admitted).

Moreover, FLCM originally claimed in its Complaint and First Affidavit that it was owed $419,824.08 in total invoiced unpaid rent under Lease No. 1. (Doc. 1, p. 5, ¶ 21; Doc. 48, p. 4, ¶ 20). In its Second Affidavit, however, the amount increased to $597,441.96. (Doc. 52, p. 7, ¶ 27). FLCM has not provided any explanation as to why this number has increased by $177,617.88. It simply claims in its Second Affidavit that Taos only made 44 payments out of the 81 payments required by the contract. (Doc. 52, p. 5, ¶ 16). Its only (tenuous) support for this claim appears in the form of an incomprehensible spreadsheet. (Doc. 52, Exs. A & B). The

---

[6] While it is true that "plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default," the facts upon which plaintiff's claims rest *are* deemed admitted by the defendant. *Virgin Records America, Inc.*, 510 F. Supp. 2d at 593 n. 5 ("[the] well-pleaded facts in the Complaint are deemed admitted"). Because the date of default is not an allegation relating to the amount of damages, but is, instead, an element of the cause of action for a breach of contract, it would seem that it is among the facts which are deemed admitted by the defendant. *See Baldwin v. Panetta*, 4 So. 3d 555, 561 (Ala. Civ. App. 2008) (listing among the elements for a breach of contract "defendants nonperformance" under the contract).

spreadsheet lists every transaction between PNC and Taos and does not contain any intelligible breakdown of the character of those transactions. FLCM has made it impossible for the Court to understand exactly which payments by Taos are attributable to rent sufficiently to account for the increased sum of money that it is seeking between its First and Second Affidavits.

### III. Conclusion

In response to the discrepancies set forth above, on or before **March 11, 2015**, the Court directs FLCM to file a written memorandum of law that does not exceed seven pages. Therein, FLCM shall explain and provide legal support for: (1) why FLCM is entitled to change the amount of damages it seeks from the amounts alleged in its Complaint and First Affidavit; and (2) why it is entitled to change the facts upon which the damages are calculated, i.e., the date of default.[7]

Also, on or before **March 11, 2015**, FLCM shall present clear and concise evidence of its claimed damages that support both its alleged dates of default.[8] Specifically, FLCM shall provide a comprehensible breakdown of its claimed damages which will allow the Court to verify that those damages accurately reflect the amounts owed at default. Such a breakdown shall not be a ledger of every transaction between Taos and PNC, as provided within the Second Affidavit; instead, it shall separate each component of the claimed damages (total unpaid rent, late charges accrued, and personal property taxes) in separate spreadsheets. Those spreadsheets shall contain appropriately divided subtotals, i.e., monthly or quarterly payment subtotals. Such spreadsheets

---

[7] FLCM has failed to address the choice of law issue in this case. The contract specifically states that Alabama law shall govern the lease, "excluding conflicts-of-law principles" (Doc. 48, p.15, ¶ XIX(i)), while Florida's conflicts-of-laws principles state that the nature, validity, and interpretation of the contract shall be governed by the place where the contract was made, and that remedies under the contract shall be governed by the place where the action is brought. *See Goodman v. Olsen*, 305 So. 2d 753, 755 (Fla. 1974). The Court cautions FLCM to apply the appropriate law when making its arguments pursuant to this Order.

[8] If it is not possible to provide evidence of damages that support *both* of the alleged dates of default, FLCM must explain why it is unable to do so.

shall be **submitted to the Court via email in electronic Excel format**. FLCM should further provide specific references to the parts of the contract that entitle it to each portion of its claimed damages, fees, and costs. Based on its production, the Court should be able to decipher the requested damages using either of the dates of default.

**DONE** and **ORDERED** in Ocala, Florida on March 3, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy